UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jessica Kloss, *on behalf of the TPI*
*Hospitality Employee Stock Ownership*
*Plan and a class of similarly situated*
*participants of the Plan*,

      Plaintiff,

v.

Argent Trust Co.; Torgerson Properties,
Inc., *doing business as TPI Hospitality*;
TPI Hospitality ESOP Committee; and
Thomas R. Torgerson,

      Defendants.

Case No. 23-cv-0301 (WMW/TNL)

**ORDER**

---

  This matter is before the Court on Defendants Torgerson Properties, Inc., TPI Hospitality ESOP Committee and Thomas Torgerson's motion to dismiss; Defendant Argent Trust Company's motion to dismiss; Defendant Argent Trust Company's motion for judicial notice; and Plaintiff Jessica Kloss's motion for judicial notice. For the reasons addressed below, the Court grants in part and denies in part Defendant Argent Trust Company's motion for judicial notice and denies Plaintiff Jessica Kloss's motion for judicial notice. The Court grants in part and denies in part Defendant Argent Trust Company's motion to dismiss and grants in part and denies in part the motion to dismiss filed by Defendants Torgerson Properties, Inc., TPI Hospitality ESOP Committee and Thomas Torgerson.

## BACKGROUND

Plaintiff Jessica Kloss ("Kloss"), a resident of Minnesota, is a former employee of Defendant Torgerson Properties, Inc. ("TPI Hospitality") and was a vested participant in TPI's Employee Stock Ownership Plan ("ESOP") when the plan existed. TPI Hospitality is a hospitality company based in Wilmar, Minnesota, and operates hotels, restaurants and conference centers in Minnesota and Florida. Defendant TPI Hospitality ESOP Committee ("ESOP Committee") is a presently unidentified committee, allegedly appointed by TPI Hospitality to administer the ESOP. Defendant Thomas Torgerson ("Torgerson"), a resident of Florida, is the Chair of the Board of Directors and the Chief Executive Officer of TPI Hospitality, positions he has held since 1991. Defendant Argent Trust Company ("Argent"), a Tennessee trust corporation with its principal place of business in Ruston, Louisiana, served as the trustee of the ESOP.

TPI Hospitality develops and operates dozens of entertainment facilities in Minnesota and Florida. In 2015, TPI Hospitality established the ESOP and appointed Argent to be the ESOP's trustee. The ESOP was an "employee pension benefits plan" and an "employee stock ownership plan" as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(2)(A) and 1007(d)(6). The ESOP administrator was TPI Hospitality, but TPI Hospitality could, if it desired, appoint an ESOP committee to assume that role.[1] Under Argent's trusteeship, the ESOP acquired 100

---

[1] Kloss alleges that, while no ESOP Committee has been identified by TPI Hospitality, regulatory filings list TPI Hospitality and an ESOP Committee as the administrators of the ESOP.

percent of TPI Hospitality's stock at a total cost of $10 million.[2]   In 2018, TPI Hospitality announced plans to develop a Margaritaville Resort on property the company owned in Fort Meyers Beach, Florida.   In April 2020, TPI Hospitality received over $600,000 in Paycheck Protection loans from the government.   In December 2020, TPI Hospitality terminated the ESOP and Argent sold the ESOP's stock to John Dammermann, who was Torgerson's friend and co-investor in several properties, including the Fort Meyers Beach Margaritaville Resort.   Argent sold the ESOP's stock to Dammermann for $500,000, which the complaint alleges was below the fair market value.   In early 2021, TPI Hospitality owned a portfolio of 34 hotels and generated $130 million in annual revenue.

Kloss filed this lawsuit, alleging that Argent breached its fiduciary duties of prudence and loyalty when Argent sold the ESOP shares to Dammermann, (Count I), that TPI Hospitality, the ESOP Committee and Torgerson (collectively, the TPI Defendants) are liable as co-fiduciaries for Argent's breach of its fiduciary duties, (Count II), and that the TPI Defendants failed to monitor the fiduciaries' activities, (Count III).

The TPI Defendants move to dismiss Counts II and III on the grounds that the complaint fails to allege how the TPI Defendants are liable for Argent's alleged breach of its fiduciary duties.   Argent moves to dismiss Counts I and II on the grounds that the complaint fails to state a claim upon which relief can be granted.   Kloss opposes both motions to dismiss.   Argent also moves the Court to take judicial notice of various documents outside the complaint.   Kloss opposes the motion for judicial notice and, if the

---

[2] The ESOP acquired 200,000 shares at a cost of $50 per share.

Court grants Argent's motion for judicial notice, moves the Court to take judicial notice of other documents outside the complaint.

## ANALYSIS

### I.      Argent's Motion for Judicial Notice

As a threshold matter, Argent moves the Court to take judicial notice of certain documents attached as exhibits to the declaration of Andrew D. Salek-Raham ("Salek-Raham Declaration"). On a motion to dismiss, a court ordinarily limits its consideration to the allegations in the complaint. *See BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687-88 (8th Cir. 2003). But there are two exceptions to this rule: (1) the doctrine of incorporation by reference and (2) judicial notice under Federal Rule of Evidence 201. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

Incorporation by reference is a judicially created doctrine that treats certain documents "as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). This doctrine seeks to prevent plaintiffs from selectively excerpting documents in a manner that supports their claims, while omitting those portions that weaken or defeat their claims. *Id.* When applying the incorporation-by-reference doctrine, a court is not limited to the four corners of the complaint and may consider "materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Mattes*, 323 F.3d at 697 n.4. A mere mention of a document in a complaint, however, is insufficient to warrant incorporation by reference.

4

*Khoja*, 899 F.3d at 1002.  Rather, the complaint must *necessarily* embrace the document such that the document forms the basis of the plaintiff's claim.  *Id.*

Federal Rule of Evidence 201 provides the second exception that permits courts to consider facts outside the complaint.  "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).  Rule 201 permits a court to take judicial notice of "an adjudicative fact" if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(a)-(b).  Adjudicative facts "relate to the parties, their activities, their properties, [and] their businesses."  *Qualley v. Clo-Tex Intern., Inc.*, 212 F.3d 1123, 1128 (8th Cir. 2000).  It is error for a district court to judicially notice facts that are not adjudicative facts.  *Id.*

On a motion to dismiss, it is improper for a court to take judicial notice of disputed facts, as a "high degree of indisputability is the essential prerequisite" for taking judicial notice under Rule 201.  Fed. R. Evid. 201 advisory committee's note (1972); *accord Khoja*, 899 F.3d at 1000.  Materials outside of the complaint may not be considered for the truth of the matter asserted.  *LeMay v. Mays*, 18 F.4th 283, 289 (8th Cir. 2021).

Argent seeks judicial notice of exhibits attached to the Salek-Raham Declaration.  Specifically, Argent seeks judicial notice of exhibits 1 through 5, 7, 11 through 20 and 22 through 25.  Kloss argues that judicial notice is not appropriate because the proffered exhibits are intended to contest allegations in the complaint.

Exhibits 1, 2, 3, 4 and 5 are academic publications and learned treatises covering various business topics. These exhibits are unrelated to the parties in this case and, therefore, are not adjudicative facts permitted by Federal Rule of Evidence 201.

Exhibits 11, 18, 20 and 25 are government publications related to COVID-19 infections and government responses. Like the learned treatises, these exhibits bear no relation to the parties of this case and are beyond the scope of Rule 201.

Exhibits 12, 13, 14 and 17 are reports from hospitality industry trade groups that do not pertain to the parties in this case and, therefore, are not within the ambit of Rule 201.

Exhibits 7, 15, 16, 19, 22, 23 and 24 are news reports that cover various topics. With the exception of Exhibits 7 and 23, none of the exhibits pertains to the parties here and, therefore, fall outside Rule 201's scope. Exhibit 7, which Argent describes as a news report, appears to be a TPI Hospitality-authored press release announcing the sale of the company to the ESOP. Exhibit 23 is a copy of the Margaritaville Fort Meyers Beach website, which is the resort development at the center of this case. Exhibits 7 and 23 are within the scope of Rule 201 and the Court will take notice of them, but only to the extent that the Court takes notice that the press release and website exist. It is improper to consider for the truth of the matter asserted the contents of the exhibits that have been judicially noticed. *See LeMay*, 18 F.4th at 289.

Argent makes passing references to the exhibits being incorporated by reference in the complaint, but Argent offers no analysis of this argument and only cites to its own motion to dismiss to support the claim of incorporation by reference. To the extent that

Argent makes this argument, the Court denies the motion on this ground because Argent's exhibits are not necessarily embraced by the complaint.

In summary, the Court grants Argent's motion for judicial notice as to exhibits 7 and 23 and denies Argent's motion as to the remaining exhibits.

## II.     Kloss's Motion for Judicial Notice

Kloss moves for judicial notice of several exhibits in the event the Court grants Argent's motion for judicial notice.  Argent does not oppose Kloss's motion.  As to the five exhibits that Kloss seeks judicial notice, two exhibits are charts of stock prices for hospitality companies that are not involved in this lawsuit, two are treatises and one is a Florida Executive Order.  Because these exhibits do not pertain to the specific parties in this litigation, they are not within the scope of Rule 201.  Kloss does not argue that the exhibits are incorporated by reference into the complaint.  As there is no basis for incorporating any of Kloss's proffered exhibits, the Court denies Kloss's motion for judicial notice.

## III.     Argent's Motion to Dismiss

A complaint must allege sufficient facts such that, when accepted as true, the complaint states a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6).  When applying this pleading standard, a district court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.  *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations must be sufficient to "raise a right to relief above the speculative level," and they must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Legal conclusions that are couched as factual allegations may be disregarded by the district court.  *See Iqbal*, 556 U.S. at 678.

Under ERISA, "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach," together with other enumerated relief.  29 U.S.C. § 1109(a).  In some circumstances, a fiduciary also must be held liable for a co-fiduciary's breach of fiduciary duty.  29 U.S.C. § 1105(a).  ERISA authorizes a plan participant to bring a civil action for appropriate relief based on an alleged breach of fiduciary duties under Section 1109.  29 U.S.C. § 1132(a)(2).

To state a claim for breach of fiduciary duty under ERISA, "a plaintiff must make a prima facie showing that the defendant acted as a fiduciary, breached its fiduciary duties, and thereby caused a loss to the Plan."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  ERISA imposes on fiduciaries "twin duties of loyalty and prudence."  *Id.* at 595.  Fiduciaries must act "solely in the interest of [plan] participants and beneficiaries" and carry out their duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent [person] acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."  29 U.S.C. § 1104(a)(1).  When evaluating whether a fiduciary has acted prudently, courts "focus on the process by which [the fiduciary] makes its decisions rather than the results of those decisions."  *Braden*, 588 F.3d at 595.  "A prudently made decision

is not actionable, in other words, even if it leads to a bad outcome." *Davis v. Wash. Univ. in St. Louis*, 960 F.3d 478, 482 (8th Cir. 2020) (citing *Braden*, 588 F.3d at 595).

"ERISA plaintiffs claiming a breach of fiduciary duty have a challenging pleading burden because of their different levels of knowledge regarding *what* investment choices a plan fiduciary made as compared to *how* a plan fiduciary made those choices." *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822 (8th Cir. 2018) (emphasis in original). Typically, ERISA plaintiffs "lack extensive information regarding the fiduciary's methods and actual knowledge because those details tend to be in the sole possession of the fiduciary." *Id.* (internal quotation marks and brackets omitted). Consequently, ERISA plaintiffs must "use the data about the selected funds and some circumstantial allegations about methods to show that a prudent fiduciary in like circumstances would have acted differently." *Id.* (internal quotation marks omitted). "The critical inquiry, then, is whether the missing factual allegations are facts about the funds themselves, which ERISA plaintiffs can research, or facts about the fiduciary's internal processes, which ERISA plaintiffs generally lack." *Id.* at 822-23. If the allegations turn on the funds themselves, then the plaintiff is expected to plead "a sound basis for comparison . . . not just alleging that costs are too high, or returns are too low." *Matousek v. MidAmerican Energy Corp.*, 51 F.4th 274, 278 (8th Cir. 2022) (internal quotation marks omitted).

Kloss alleges that Argent breached its fiduciary duties of prudence and loyalty when Argent authorized the sale of the TPI stock at a price that was allegedly below the stock's fair market value.

## A.     Duty Of Prudence

Kloss alleges that Argent breached its duty of prudence because Argent failed to investigate the value of the ESOP's shares of TPI Hospitality stock in order to sell the shares for a reasonable price.  Argent argues that this claim should be dismissed because the complaint does not allege any defects in Argent's investigation and sales process and because the complaint does not allege that the sale price was actually below the fair market value for the stock.  Kloss acknowledges that she does not know the details of Argent's alleged impudent sale of the ESOP stock, however, Kloss argues that the complaint sufficiently pleads circumstantial allegations to survive a motion to dismiss.

The complaint alleges that TPI Hospitality claimed on its website to have generated $130 million in annual revenue by 2021.  The complaint also alleges that, during the early part of 2020, TPI Hospitality received over $600,000 in a Paycheck Protection Loan and was able to retain its assets.  In light of this information, the value of TPI Hospitality was much higher than the $500,000 sale price at the end of 2020.  Because Kloss alleges that Argent breached its duties through its lack of adequate processes (as opposed to making a specific poor investment decision), Kloss needs only to plead circumstantial allegations about Argent's processes.  *See Meiners*, 898 F.3d at 823.  Although these allegations are not substantial, they represent the information that is available to Kloss at the pleading stage.  Because the allegations satisfy the circumstantial pleading requirements of this particular ERISA claim, the Court denies the motion to dismiss on this ground.

**B.    Duty Of Loyalty**

Kloss alleges that Argent breached its duty of loyalty by failing to negotiate the sale price of the shares for the purpose of benefiting Torgerson.  Argent argues that this is insufficient because the allegation is conclusory and is not supported by any other allegation in the complaint.  Kloss maintains that the complaint's circumstantial allegations are sufficient at this stage of the proceedings.

The complaint alleges that the sale of the ESOP's shares "allowed Thomas Torgerson and Dammermann to reap the expected windfall from the Margaritaville Resort and excluded the [ESOP] and its participants from sharing in the anticipated profits from the Margaritaville Resort." (Dkt. 1 ¶ 6.)  Kloss further alleges that Argent knew Torgerson "would receive a substantial benefit from the sale of the ESOP's TPI shares for less than fair market value." (*Id.* ¶ 72.)  As with the imprudence claim, disloyalty can be properly pleaded with circumstantial allegations because a claim of disloyalty turns on the subjective state of mind of, in this case, Argent.  *See In re Wells Fargo ERISA 401(k) Litigation*, 331 F. Supp. 3d 868, 875 (D. Minn. July 19, 2018) (concluding that the duty of loyalty holds fiduciaries to "a subjective standard; what matters is *why* the defendant acted as he did").  In light of the early stage of this case and the ability of Kloss to plead with circumstantial allegations, the Court denies Argent's motion to dismiss on this basis.

**C.    Co-Fiduciary Liability**

Argent seeks dismissal of Claim II on the grounds that there is no underlying breach of fiduciary duty from the TPI Defendants.  Kloss argues that the complaint alleges that

the TPI Defendants breached their fiduciary duties and the motion, therefore, should be denied.

A claim of co-fiduciary liability requires an underlying breach of a fiduciary's duties under ERISA. *See Larson v. Allina Health Sys.*, 350 F. Supp. 3d 780, 806 (D. Minn. Oct. 1, 2018); *In re Target Corp. Sec. Litigation*, 275 F. Supp. 3d 1063, 1092-93 (D. Minn. July 31, 2017). In opposing the motion to dismiss on this ground, Kloss argues specifically that Defendant Torgerson breached his fiduciary duties to the ESOP and that Argent, therefore, is liable as a co-fiduciary. The Court grants Argent's motion to dismiss the co-fiduciary liability claim because, as addressed in Part IV, below, the Court will dismiss the claims against Defendant Torgerson.

## IV.    TPI Defendants' Motion to Dismiss

The law that applies to Argent's motion to dismiss applies identically to the TPI Defendants' motion to dismiss. However, additional law is relevant to the TPI Defendants' motion to dismiss.

### A.    Defendant Torgerson's Fiduciary Status

The TPI Defendants move to dismiss the claims against Torgerson on the grounds that the complaint inadequately alleges that Torgerson was a fiduciary of the ESOP. Kloss opposes the motion.

In the context of ERISA, a person is a fiduciary if the person (i) exercises any control over management of the plan or its assets, (ii) offers investment advice to plan members or (iii) has discretionary authority or responsibility to administer the plan. 29 U.S.C. § 1002(21)(A). As such, a person "is a fiduciary within the meaning of ERISA" if that

person "appoints and removes the members of the administrative committee that administers the pension plan." *Hickman v. Tosco Corp.*, 840 F.2d 564, 566 (8th Cir. 1988). "Persons who serve as fiduciaries may also act in other capacities, even capacities that conflict with the individual's fiduciary duties." *Trustees of the Graphic Commc'ns Int'l Union Upper Midwest Loc. 1 M Health & Welfare Plan v. Bjorkedal*, 516 F.3d 719, 732 (8th Cir. 2008). Thus, "the threshold question is . . . whether [the defendant] was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000).

The TPI Defendants argue that the complaint fails to allege that Torgerson was a fiduciary of the ESOP. Kloss contends that the allegations in the complaint are sufficient. Specifically, Kloss points to allegations in the complaint that Torgerson was a longtime chair of the board and executive of TPI Hospitality, that Torgerson would benefit financially from a discounted sale of the stock to Dammermann, and that "as an officer and director of TPI, Thomas Torgerson was a fiduciary to the ESOP . . . ." (Dkt. 1 ¶¶ 6, 16, 32-33, 72.) But Kloss's final allegation—that Torgerson was a fiduciary to the ESOP—is a legal conclusion, and the Court does not need to credit it at this stage. The remaining allegations that Kloss points to provide no information about the role Torgerson played in the administration of the ESOP. It is not enough that Torgerson had a leadership role within the company because that role does not necessarily make Torgerson a fiduciary to the ESOP. Even assuming that Torgerson was a fiduciary by virtue of his role within the company, the complaint is devoid of allegations about Torgerson's specific conduct to direct the sale of the ESOP's shares.

Notably, Kloss does plead facts about the ESOP's governing structure, alleging that TPI Hospitality was the administrator of the ESOP unless TPI appointed an ESOP Committee. Torgerson is not alleged to be part of this governing structure.

Because the complaint does not adequately allege a fiduciary role for Torgerson, the Court grants the TPI Defendants' motion to dismiss as to Torgerson's liability.

### B.    Co-Fiduciary Liability

The TPI Defendants move to dismiss the co-liability claim because the complaint, they argue, fails to allege that the TPI Defendants had any fiduciary responsibility for the sale of the ESOP's stock. The TPI Defendants also argue that the complaint fails to allege that the TPI Defendants had knowledge of the alleged breach of co-fiduciaries. Kloss responds that the complaint sufficiently alleges these facts.

A person is a fiduciary, for the purposes of ERISA, to the extent that the person controls the management of the plan or its assets, offers investment advice to plan members, or administers the plan. 29 U.S.C. § 1002(21)(A). A plan fiduciary is liable for another's fiduciary breach:

> (1) if [the plan fiduciary] participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>
> (2) if, by his [or her] failure to comply with section 1104(a)(1) of this title in the administration of his [or her] specific responsibilities which give rise to his [or her] status as a fiduciary, he [or she] has enabled such other fiduciary to commit a breach; or
>
> (3) if he [or she] has knowledge of a breach by such other fiduciary, unless he [or she] makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a).

The TPI Defendants argue that the complaint does not allege any facts that would establish fiduciary responsibility over the sale of the ESOP's stock. The TPI Defendants also argue that there are no allegations that they knew Argent was allegedly breaching its fiduciary duties by selling the stock. Kloss responds that the allegations of the TPI Defendants' fiduciary roles are sufficient to establish responsibility over the sale of the stock. Kloss also argues that the complaint adequately pleads knowledge by the TPI Defendants of Argent's alleged breach.

Kloss alleges in the complaint that the ESOP plan documents established TPI Hospitality (or the ESOP Committee if TPI Hospitality decided to appoint one) as the administrator of the ESOP. The position of ESOP administrator places TPI Hospitality and the ESOP Committee in a fiduciary role. *See* 29 U.S.C. § 1002(21)(A); *see also* 29 U.S.C. § 1102(a)(1) (providing that employee benefit plans must identify "one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan"). The complaint also alleges that, in its role as ESOP administrator, TPI Hospitality appointed Argent as the trustee of the ESOP and that TPI Hospitality or the ESOP Committee retained authority to manage Argent's actions regarding the ESOP's assets. The implication from these allegations is that TPI Hospitality and the ESOP Committee's fiduciary duties included the responsibility to oversee Argent's management of the ESOP's assets. Based on the allegations in the complaint, Kloss has sufficiently pled a fiduciary duty with regard to the sale of the ESOP's stock.

Kloss pleads that TPI Hospitality knew the equity value of TPI Hospitality's own assets.  Kloss infers that, given the knowledge of the company's value, TPI Hospitality knew or should have known that the sale price for the stock was too low.  The parties dispute the level of knowledge co-fiduciary liability requires.  Kloss argues that Eighth Circuit precedent requires that the defendant "knew or should have known" of the breach.  *Monson v. Century Mfg. Co.*, 739 F.2d 1293, 1303 (8th Cir. 1984).  The TPI Defendants identify several other circuits that require a showing of actual knowledge—a higher level of knowledge than that advanced by Kloss.  Here, the Court applies the law of the Eighth Circuit, which requires that a defendant "knew or should have known" of the alleged breach.  *Monson*, 739 F.2d at 1303.  Because Kloss's complaint sufficiently pleads the knowledge element and the fiduciary duty component of co-fiduciary liability, the Court denies the TPI Defendants' motion to dismiss as to Defendant TPI Hospitality and Defendant ESOP Committee.  In summary, the Court grants the motion to dismiss as to Defendant Torgerson because, as addressed in the preceding section, Torgerson was not a fiduciary of the ESOP.

### C.    Failure To Monitor

The TPI Defendants argue that Kloss has not sufficiently alleged that the TPI Defendants failed to monitor Argent.  Kloss opposes the motion, arguing that the complaint is adequately pled.

The "power to appoint plan trustees makes [an entity] a fiduciary, but only 'to the extent' [the entity] exercises the discretion or control described in [29 U.S.C.] § 1002(21)(A).  Depending upon the circumstances, the [entity's] duty to monitor the

actions of appointed trustees may impose a duty to prevent wrongful conduct." *Martin v. Feilen*, 965 F.2d 660, 669-70 (8th Cir. 1992). "To state a claim for failure to monitor under ERISA, a plaintiff must 'allege facts that the (1) entity charged with the breach was responsible for appointing and removing fiduciaries responsible for [the] fiduciary conduct in question; and (2) entity charged with this duty to monitor also had knowledge of or participated in fiduciary breaches by the appointees.'" *Krueger v. Ameriprise Financial, Inc.*, No. 11-cv-2781 (SRN/JSM), 2012 WL 5873825, at *18 (D. Minn. Nov. 20, 2012) (quoting *Crocker v. KV Pharmaceutical Co.*, 782 F. Supp. 2d 760, 787 (E.D. Mo. 2010)) (alteration added).

The TPI Defendants contend that the complaint fails to allege sufficient facts regarding each defendant's role in appointing Argent as trustee—the first element of a claim for failure to monitor. In response, Kloss points to the complaint's allegations that "TPI established the ESOP trust with Argent as the trustee," (Dkt. 1 ¶ 16), and that TPI "had the authority to direct certain of Argent's acts for the" administration of the ESOP. (*Id.* ¶ 17.) These allegations establish TPI Hospitality's responsibility for appointing Argent. Kloss argues that the complaint alleges that Torgerson had responsibility for appointing the ESOP's trustee. But, as addressed above, the allegations against Torgerson are conclusory and insufficient to establish Torgerson's fiduciary role. Kloss acknowledges that the role of the ESOP Committee is unclear at this stage because, as alleged in the complaint, the ESOP's public filings identify the ESOP Committee and TPI Hospitality as the administrators of the ESOP. Kloss structures the complaint to plead in the alternative the ESOP Committee's appointment and removal authority over Argent: "In

the alternative, because it had overall responsibility for the [ESOP] and the specific responsibility to appoint the [ESOP's] trustee, the ESOP Committee had a fiduciary responsibility to monitor the performance of Argent . . . ." (*Id.* ¶ 77.)  The complaint satisfies the first element of a claim for failure to monitor as to Defendant TPI Hospitality and the ESOP Committee.  For the reasons addressed above, the complaint does not satisfy this element as to Defendant Torgerson.

The TPI Defendants argue that the complaint does not allege how they allegedly failed to monitor Argent or that they knew about Argent's alleged breach.  Kloss responds that circumstantial allegations about the TPI Defendants' access to certain information are sufficient at this stage in the proceedings.  ERISA claims are sufficiently pled if they provide enough information for the court to infer a breach of fiduciary duties. *See Meiners*, 898 F.3d at 823.  Regarding the knowledge requirement, neither party points to any legal authority that the standard is different than the "knew or should have known" standard that is applicable in co-fiduciary liability claims. *See Monson*, 739 F.2d at 1303.

Because Kloss's complaint adequately pleads a breach of fiduciary duties as to Defendants TPI Hospitality and the ESOP Committee, the Court denies the motion to dismiss as to those defendants.  The Court grants the motion to dismiss as to Defendant Torgerson, for the reasons addressed in this Order.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.     Defendant Argent Trust Co.'s motion for judicial notice is **GRANTED** as to exhibits 7 and 23 and **DENIED** as to exhibits 1 through 5, 11 through 20, 22, 24 and 25.

2.     Plaintiff Jessica Kloss's motion for judicial notice is **DENIED**.

3.     Defendant Argent Trust Co.'s motion to dismiss is **GRANTED** as to the claim of co-fiduciary liability and **DENIED** on all other grounds.

4.     Defendants Torgerson Properties, Inc., TPI Hospitality ESOP Committee, and Thomas Torgerson's motion to dismiss is **GRANTED** as to the claims against Defendant Thomas Torgerson and **DENIED** on all other grounds.


 Dated: December 12, 2023                        s/ Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge