UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jessica Kloss, *on behalf of the TPI Hospitality Employee Stock Ownership Plan and a class of similarly situated participants of the Plan*,<br><br>                    Plaintiff,<br><br>v.<br><br>Argent Trust Co., et al.,<br><br>                    Defendants. | Civil No. 23-301 (DWF/SGE)<br><br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Jessica Kloss, as representative of a class of similarly situated persons, and on behalf of the TPI Hospitality, Inc. Employee Stock Ownership Plan ("ESOP" or "Plan") moves for preliminary approval of the settlement of this action under Federal Rule of Civil Procedure 23. (Doc. No. 269.) Additionally, Plaintiff asks the Court to: (1) approve the proposed Class Notice and authorize distribution of the Class Notice to the Settlement Class; (2) preliminarily certify the Settlement Class for settlement purposes; and (3) schedule a final approval hearing. (*Id.*)

Based upon the arguments and submissions of counsel, the proposed Settlement Agreement, and the record in this case, **IT IS HEREBY ORDERED** that Plaintiff's motion for preliminary approval of settlement (Doc. No. [269]) is **GRANTED** as follows:

    1.    **Settlement**. Plaintiff, on behalf of herself, all members of the Settlement Class and the Plan, and Defendants Argent Trust Co., Torgerson Properties, Inc. *doing*

*business as* TPI Hospitality, TPI Hospitality ESOP Committee, Thomas R. Torgerson, TPI Hospitality Board of Directors, Donald Haas, Robert Thurston, William R. Upshaw, Sheryl D. Walton, Pete Bromelkamp, Chris Flagg, Kathy A. Aamot, and John H. Dammermann (collectively, the "Defendants"), have negotiated a full settlement of the claims asserted against the Defendants to avoid the expense, uncertainties, and burden of protracted litigation, and to fully and finally resolve the Released Claims (as defined in the Settlement Agreement) against the Defendants (as defined in the Settlement Agreement).

2.     **Definitions.**  This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used but not defined herein shall have the same meanings as in the Settlement Agreement.

3.     **Jurisdiction and Venue**.  The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members, and venue in the Court is proper.  The Court has subject-matter jurisdiction over the claims asserted in the Action pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), including, without limitation, jurisdiction to approve the proposed Settlement Agreement and all exhibits attached thereto, grant final certification of the Settlement Class for settlement purposes, dismiss the Action with prejudice as between Plaintiff and the Defendants, and issue related orders.  Additionally, venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. 1132(e)(2).

4.     **Preliminary Approval.**  The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration

at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval and is sufficient to warrant sending notice to the Class.

5. **Settlement Class.** The Court certifies for settlement purposes only the following Settlement Class under Federal Rule of Civil Procedure 23(a)(l)-(4), 23(b)(1) and 23(e) consisting of:

> All participants and beneficiaries of the TPI Hospitality Employee Stock Ownership Plan at any time since its inception who vested under the terms of the Plan, excluding individual Defendants and their immediate family.

The members of the Settlement Class are the "Class Members." As a non-opt out class, the proposed Class Members shall have no right to exclude themselves from the Settlement Class, the Settlement, or the Final Judgment. If the Court finally approves the Settlement, each Class Member will be bound by the Settlement and Final Judgment.

6. **Class Representatives and Class Counsel.** For settlement purposes only, the Court appoints Plaintiff Jessica Kloss as Class Representative, and the law firms Feinberg Jackson Worthman & Wasow LLP and Nichols Kaster, PLLP as Class Counsel. The Court preliminarily finds that the Named Plaintiff is similarly situated to absent Class Members and therefore typical of the Class, and that she will be an adequate class representative. Plaintiff's counsel, whom the Court finds are experienced and adequate counsel for purposes of this Settlement approval proceeding, are hereby designated as Class Counsel.

7. **Settlement Administrator.** The Court approves the appointment of Simpluris as Settlement Administrator pursuant to Section 1.11 of the Settlement Agreement.

8. **Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be held before the Court, on November 21, 2025 at 1:30 p.m., in Courtroom 7C, 7th Floor, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, to determine, among other things: (i) whether the proposed Settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) whether a Final Approval Order as provided in Paragraph 2.2.5 of the Settlement Agreement should be entered; (iii) whether the Parties should be bound by the Releases set forth in Section 4 of the Settlement Agreement; (iv) whether to allow payments from the Settlement Fund for the costs of the Settlement Administrator and the Independent Fiduciary; and (v) any amount of fees and expenses that should be awarded to Class Counsel and any Service Award to the Class Representative for her representation of the Settlement Class. The Parties shall include the date of the Fairness Hearing in the Class Notice to be disseminated to the Settlement Class.

9. **CAFA Notice.** The Defendants have confirmed in writing to Plaintiff that the notices required by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 7, ("CAFA"), as specified by 28 U.S.C. § 1715, were sent within ten (10) days of the filing of the Motion for Preliminary Approval and Settlement Agreement.

10. **Class Notice**. The Court approves the form and substance of the proposed Class Notice, attached as Exhibit C to the Declaration of Brock J. Specht in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement. The Court finds that the proposed Class Notice constitutes valid, due, and sufficient notice to all persons entitled to notice. The Court further finds that the form and content of the Class Notice meet the requirements of Rule 23 and due process, including 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the proposed notice plan represents the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of this Action, the terms of the Settlement Agreement, and of their right to object to the proposed Settlement, any requested attorneys' fees, reimbursement of litigation or settlement administration expenses, and service awards, as well as Class Members' right to appear at the Fairness Hearing. Class Counsel and the Settlement Administrator shall have discretion to make non-material edits to the format of the Class Notice that they deem reasonable to ensure an efficient notice program that minimizes mailing or administration costs.

11. **Independent Fiduciary**. TPI shall promptly select a qualified Independent Fiduciary to review the Settlement on behalf of the Plan as required under and pursuant to the Settlement Agreement. The Plaintiff will have the opportunity to review and approve TPI's selection but shall not unreasonably withhold her consent. The Independent Fiduciary shall notify Defendants' Counsel and Plaintiff's Counsel in writing of its determination as to whether the Settlement meets the requirements of

Prohibited Transaction Class Exemption 2003-39, Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation, 68 Fed. Reg. 75,632 (Dec. 31, 2003). Such notification shall be delivered at least thirty-five (35) calendar days before the Fairness Hearing.

  12. **<u>Objections</u>**. Any Class Member may object to any aspect of the proposed Settlement or to the requested attorneys' fees, expenses, and Service Awards, by filing a written objection with the Clerk of Court, United States District Court for the District of Minnesota at least twenty-one (21) calendar days before the Fairness Hearing. A copy of the objection must also be mailed or emailed to the Settlement Administrator at least twenty-one (21) calendar days before the Fairness Hearing. The Settlement Administrator shall promptly forward any objections it receives to counsel for all parties. To be valid, the objection must set forth, in clear and concise terms: (i) the case name and number (*Kloss v. Argent Trust Co., et al.*, No. 23-cv-301(DWF/TNL)); (ii) the name, address, and telephone number of the objector objecting and, if represented by counsel, of their counsel; (iii) the complete basis for objection; (iv) a statement of whether the objector intends to appear at the Fairness Hearing, and the name of the objector's counsel (if any); (v) a statement of whether the objection applies only to the objector, to a specific subset of Class Members, or to the entire Settlement Class; and (vi) copies of all supporting documents, including any document(s) that the objector or the objector's counsel intends to offer at the Fairness Hearing. Any Class Member who does not make his or her objection in this manner shall be deemed to have waived such objection and shall not be permitted to object to any terms of the Settlement at the Fairness Hearing,

and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, and the award of attorneys' fees and expenses to Class Counsel, and the payment of a Service Award to the Class Representatives, unless otherwise ordered by the Court.  Responses to objections shall be filed at least seven (7) days before the Fairness Hearing.

A Class member who objects to the proposed Settlement Agreement need not appear at the Fairness Hearing for the Class Member's objection to be considered by the Court.  If Class Counsel or Defendants' Counsel receives any objections to any aspect of the proposed Settlement Agreement that are not filed by the objector via CM/ECF, they shall file such objections via CM/ECF as soon as practicable.

13. **Motion for Final Approval**.  The motion in support of final approval of the Settlement shall be filed no later than twenty-eight (28) days prior to the Fairness Hearing.

14. **Fees, Expenses, and Awards**.  Class Counsel's application for attorneys' fees and expenses and Class Representative Service Awards shall be filed and served no later than forty-five (45) days prior to the Fairness Hearing.

15. **Termination of Settlement**.  In the event the Settlement is terminated as set forth in the Settlement Agreement, including if the Court does not grant final approval to the Settlement Agreement or for any reason the Parties fail to obtain a Final Approval Order and Final Judgment as contemplated in the Settlement Agreement, then the following shall apply:

  a. All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect;

  b. The Lawsuit shall for all purposes revert to its status as of the day immediately before the execution of this Settlement Agreement, and the fact of and terms of the Settlement and any preliminary agreements or term sheets shall not be admissible in any proceeding, and the Parties shall request a scheduling conference with the Court.  Nothing herein shall extend any applicable limitations period as to any Party if the Settlement is not approved or is otherwise terminated. In addition, any information or materials provided during the Settlement negotiation shall, absent agreement of the Parties, not be admissible or otherwise used in any proceeding unless and until later obtained during the course of the litigation, as to which the Parties reserve all rights;

  c. The certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the action shall proceed as though the Settlement Class had never been certified pursuant to the Settlement Agreement and such findings had never been made; and

  d. All of the Court's prior Orders having nothing whatsoever to do with the Settlement shall, subject to this Order, remain in force and effect, except that the Parties shall submit to the Court, jointly if they reach agreement thereon or separately if no such agreement is reached, a proposed new scheduling and case management order for the remaining discovery and other proceedings in this civil action.

16. **Use of Order**. Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties, and only the Parties, in a proceeding to enforce the Settlement Agreement.

17. **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

18. **Injunction**. Each Class Member and their heirs, executors, administrators, successors and assigns, as well as the Plan, is preliminary barred and enjoined from instituting or prosecuting any of the Released Claims against any of the Releasees pending final approval of the proposed Settlement.

19. **Continuing Jurisdiction**. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Class (other than through the settlement website that will be set up by the Settlement Administrator (the "Settlement Website")) and retains jurisdiction over this action to consider all further matters arising

out of or connected with the Settlement Agreement and the Settlement. The Court may approve the proposed Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate without further notice to the Class (other than through the Settlement Website).

Dated: August 15, 2025                     s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge